STATE, BERNARD LYONS, PROSECUTOR, v. COMMON COUN-
CIL OF GLOUCESTER CITY.

Section 8 of the charter of Gloucester City (*Laws*, 1868, *p.* 106) gives to common council the power to pass ordinances for appointing watchmen, constables and an additional police force, and prescribing their powers and duties. They have never passed such ordinance. *Held*, that the prosecutor, who was appointed a policeman by resolution, is not entitled to notice of removal and hearing, under act of March 25th, 1885, respecting police departments of cities, and regulating the tenure and terms of office.

On *certiorari*.

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the prosecutor, *H. A. Drake*.

For the defendant, *James E. Hays*.

The opinion of the court was delivered by

SCUDDER, J. At a meeting of the common council of Gloucester City, held March 25th, 1884, a resolution was passed that the prosecutor and three others be elected policemen for the ensuing year. On March 24th, 1885, a like resolution was passed. On August 13th, 1885, a resolution was passed

changing the police force, and another person was appointed policeman instead of the prosecutor. He had no notice or hearing on such removal. He claims in this suit that under the " Act respecting police departments of cities, and regulating the tenure and terms of office of officers and men employed in said departments," passed March 25th, 1885, he could only be removed for just cause, on notice and hearing, as provided in section 5 of that act. This is undoubtedly his right, if he is within the provisions of this act. *Fitzgerald* v. *New Brunswick,* 18 *Vroom* 479.

By section 8 of the charter of Gloucester City (*Pamph. L.* 1868, *p.* 106), among the powers given, it is enacted " that it shall and may be lawful for the common council of said city, or a quorum thereof, in council convened, to pass all ordinances for appointing watchmen, constables and an additional police force, and prescribing their powers and duties." The common council never have passed an ordinance for this purpose. The resolutions, therefore, by which the prosecutor was appointed a policeman, were irregular and not within the power granted by the charter. The power is conferred to appoint, but the manner in which that power shall be exercised is prescribed, and the consequence is that such mode must be pursued. *Cross* v. *Mayor of Morristown,* 3 *C. E. Green* 305, 309; *Ridgway* v. *Michellon,* 13 *Vroom* 405. Being thus appointed without authority and irregularly, he was removable at the discretion of council, unless protected by the act of March 25th, 1885. By the terms of that act, those within its protection are officers and men employed by municipal authority in the police department of any city. Where there is no municipal authority shown for their employment and there is no police department legally constituted, the act does not apply.

There is no remedy given by this statute for the removal of the prosecutor, and the writ will be dismissed, with costs.